IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| DAVID P. JUBELIRER,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICA HOME MORTGAGE ACCEPTANCE INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEM, JOHN DOE 1 AND JOHN DOES 2-10 inclusive.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>2:11-CV-374 TS |

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

In May, 2005, Plaintiff borrowed $1,236,075.00 from American Home Mortgage Acceptance, Inc. Plaintiff secured this loan by executing a deed of trust against real property located in Park City, Utah. Defendant MERS was appointed as the beneficiary and sole nominee for the lender under the deed of trust.

Plaintiff ultimately began having trouble making his payments. On September 3, 2010, a notice of default was recorded by James H. Woodall ("Woodall"), whom MERS appointed as successor trustee to the deed of trust on September 29, 2010. In February 2011, MERS, acting as beneficiary, recorded a corporate assignment of deed of trust/mortgage, whereby MERS

1

assigned the beneficial interest under the deed of trust to Deutsche Bank National Trust Company.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[6] Thus,

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *GFF Corp.*, 130 F.3d at 1384.

[4] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

"notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[7]

## III. DISCUSSION

### A. DECLARATORY JUDGMENT

Plaintiff seeks declaratory judgment that Defendants have no right to foreclose on the subject property. In his Complaint, Plaintiff makes two arguments in support of this claim. Plaintiff also brings forth an entirely separate argument in his response to Defendants' Motion to Dismiss ("Response"). In his Complaint, Plaintiff first contends that MERS is not a proper beneficiary under the deed of trust because the interest in the note "was destroyed by the parsing and combining of the debt with other borrowers' debts."[8] Second, Plaintiff asserts that MERS does not have a valid agency relationship with any true party in interest so as to retain its status as beneficiary under the deed of trust. Finally, in his Response, Plaintiff departs somewhat from these allegations to challenge the timing of foreclosure documents, arguing that the notice of default filed on September 3, 2010 is invalid, and that Defendants have thus "marched to a non-judicial foreclosure sale without the proper authority to do so."[9]

Turning to the first argument of the Complaint, the Court finds that it must be rejected. Plaintiff recognizes that this Court has consistently held that MERS has the ability to act as a

---

[7] *Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[8] Docket No. 2, Ex. 4, at 15.

[9] Docket No. 8, at vi.

beneficiary, conduct foreclosure proceedings, and make assignments of deeds of trust, even after "securitization" has occurred. Notwithstanding this recognition, Plaintiff urges the Court to consider case law from other jurisdictions holding that MERS does not have this authority. Plaintiff has provided no foundation beyond these rulings, nor has it presented anything to suggest why this Court should look outside the plain language of the deed, which expressly establishes MERS' status as beneficiary and specifically provides that the "Note or a partial interest in the Note (together with this Security Interest) can be sold one or more times without prior notice to Borrower."[10]

In its second position, Plaintiff argues that MERS must have a separate agency agreement with subsequent owners of the promissory note in order to retain its status as a "beneficiary" under a deed of trust. This argument, however, is not supported by law or the plain language of the deed of trust. The deed of trust specifically establishes MERS as "a nominee for Lender and Lender's successors and assigns."[11] Under the express terms of the deed of trust, Plaintiff agreed to MERS' continuing status as nominee and beneficiary, even after the deed of trust was transferred, assigned, or sold. Therefore, this argument too must be rejected.

Plaintiff appears to abandon these positions in his Response, where he concedes that securitization does not void the note or trust deed, yet marshals forth a new claim that the order of assignment, notice of default, and substitution of trustee was "conducted backwards."[12] This argument fails on two grounds. First, because it is a new allegation distinct from those raised in

---

[10] Docket No. 5, Ex. 2, at ¶ 20.

[11] Docket No. 8, Ex. 1.

[12] Docket No. 9, at 3.

the Complaint, it is procedurally improper.[13]  Second, Plaintiff's reliance on Section 57-1-22(3)(a) of the Utah Code is misplaced.  In its response, Plaintiff's counsel has improperly cited the statute by inserting a comma in the middle of the opening clause.[14]  The correct version of the statute reads: "If not previously recorded at the time of recording a notice of default, the successor trustee shall file for record in the office of the county recorder of each county in which the trust property or some part of it is situated the substitution of trustee."[15]  Contrary to Plaintiff's interpretation, this language does not preclude a successor trustee from filing a notice of default on a date prior to his filing a notice of his assignment as substitute trustee.  Rather, it provides that if the successor trustee has not filed a substitution of trustee at or prior to filing his notice of default, then he must do so forthwith.  The defendants acted well within these parameters by properly appointing Woodall as successor trustee on September 29, 2010, less than one month after filing the notice of default.  Therefore, Plaintiff's third justification for declaratory judgment fails not only because it is procedurally improper, as it falls outside the scope of the Complaint, but also because Plaintiff misquotes and subsequently misconstrues Utah law.

B.  INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, VIOLATION OF UTAH CONSUMER PROTECTION ACT, AND LACK OF CONTRACT FORMATION CLAIMS

Plaintiff has failed to respond to Defendants' arguments concerning his intentional and negligent misrepresentation claims, his violation of Utah Consumer Protection Act claim, and

---

[13] *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("in determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the allegations contained in the four corners of the complaint").

[14] Docket No. 8, at 3 (inserting the comma after "If not previously recorded . . . ").
[15] UTAH CODE ANN. § 57-1-22(3)(a) (1953).

5

his lack of contract formation claim. Therefore, the Court finds that Plaintiff has abandoned these claims and they will be dismissed.

C.   QUIET TITLE

Plaintiff requests the Court quiet title to the property in his favor. Plaintiff's quiet title claim is based on the allegation that the "Trust Deed and Note were intentionally separated by assignment of the Trust Deed without assignment of the Note during the securitization process" and "[s]ubsequent to securitization of the Plaintiff's Note, AHM-Acceptance, AHM-Servicing, and MERS have no interest in the subject property."[16] This Court has repeatedly rejected such "securitization" and "split note" claims. Therefore, this claim must fail as well.

D.   BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's sixth cause of action alleges that Defendants breached the duty of good faith. Specifically, Plaintiff alleges that Defendants breached the duty by: (1) making representations and material misrepresentations concerning the status of the Note and his ability to modify the terms of the Note; (2) failing to present evidence, upon Plaintiff's request, regarding the unidentified and/or misrepresented current foreclosor's authority; and (3) failing to provide proof that it was (or is) the true holder of the Note or that it was the authorized agent for purposes of foreclosing the Note. The Court finds that this claim fails as a matter of law.

The covenant of good faith and fair dealing, which inheres in every contractual relationship, "cannot be construed to establish new, independent rights or duties not agreed upon by the parties."[17] Plaintiff's sixth cause of action seeks to impose new duties upon Defendants

---

[16] Docket No. 2, Ex. 1, ¶¶ 126-27.
[17] *PDQ Lube Center, Inc. v. Huber*, 949 P.2d 792, 798 (Utah Ct. App. 1997).

and grant Plaintiff new rights relating to the modification of the loan's original terms. The covenant of good faith and fair dealing cannot be relied upon to create a contract different than that agreed to by the parties. Plaintiff's sixth cause of action, therefore, fails as a matter of law and must be dismissed.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 4) is GRANTED. Plaintiff's Complaint is dismissed with prejudice.

The Clerk of the Court is directed to close this case forthwith.

DATED August 2nd, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge